Good morning. My name is Matthew Dietz and I represent the appellant Saladean Saleen. The District Court committed reversible error when it expressly and repeatedly relied on the retributive purposes of sentencing while imposing its revocation sentence. The District Court explained that it selected its sentence to reflect the seriousness of the offense and provide just punishment and reflect respect for the law. Each of these considerations comes from section 3553A2, which the Supreme Court and Asteris held are out of bounds in the revocation context. Wait a second. Not A2, come on. You just thoroughly misstated the case. A2A. Yes, Your Honor. 3553A2A. All the rest of them count and that's mostly what the District Court relied on. Your Honor, the District Court repeatedly relied on the retributive factors from 3553A2A. As you interpreted. Yes, Your Honor. Over the span of two pages of the sentencing transcript, the District Court repeatedly cited the need to provide punishment and just punishment, cited the need to reflect the seriousness of the offense, cited the need to reflect respect for the law, and emphasized the need to provide increased punishment for repeating a very, very serious federal crime. What's the offense, though? That's really the question. I mean, is it the original offense, which is clearly off limits after Asteris, or is it the revocation offense? It's both, Your Honor. And because it includes the prior 2007 offense, that is off limits under Asteris, and that's plain error. In the words of Asteris, it's clear and obvious that the District Court... Is it off limits for the revocation offense? So Your Honor, the government makes the point that under Chapter 7, Part A of the United States Sentencing Guidelines Manual, the Commission says that the purpose of revocation rather is to sanction breach of trust while also considering to a limited degree the nature of the offense that gave rise to the revocation. Although the nature of the breach of trust would also go to how bad the revocation offense is potentially. It's not a hard story to tell, which is, hey, I trusted you. I put you out there, and you go and commit X terrible offense. Why couldn't the District Court say that was an incredible breach of trust? Your Honor, the District Court can say that because the Sentencing Commission and the statute which incorporates the policy statements of the Sentencing Commission says that the District Court can consider the nature of the offense that gave rise to the violation, but it has to be a limited degree. It can't be the primary driver of the District Court's analysis, and it certainly can't outweigh the District Court's repeated use of the retributive analysis in deciding what sentence to impose. What's the best line, and this is what I really want to know, the best line in the District Court's order that shows that it considered the retribution on the original offense, the one that gave rise to the conviction? This is from page 33. I'm trying to provide increased punishment for repeating a very, very serious federal crime, as well as provide punishment and deterrence and reflect respect for the law and the seriousness of the offense. So the District Court, you know, talked about . . . Why wouldn't the language repeating the offense refer to the second, the violation offense as opposed to the underlying conviction? Your Honor, I think it refers to both because the District Court said, you know, essentially, Mr. Selene, you repeated the same thing twice, and so I'm going to give you more punishment because of that. So the District Court not only was considering what happened in 2021 while he was on supervision, but the District Court increased its sentence to account for the fact that the underlying offense was similar back in 2007. The Supreme Court said you can't consider retribution with regard to the underlying offense, and here we have in black letter words on the sentencing transcript, page 33, that the District Court relied on that consideration. You won't like it, but Higgerson is now the law of the circuit on how a plain error review is conducted under Esterra, and you referred to the great, the magic words clear and obvious, but you just said, well, it was clear and obvious. What you read, for reasons my colleagues are pointing out, does not make it clear and obvious. Your Honor, I would point the court to pages 32 and 33, where the District Court's repeatedly citing retribution. Higgerson is very different. Well, factors just, you know, these factors overlap, and that's, of course, that's kind of the dilemma, and that's why the Supreme Court carefully went to some length to help us with plain error review, and now in the Eighth Circuit, that is interpreted as the same standard we had before Esterra. Your Honor, Higgerson is a very different case. In that case, the District Court didn't even discuss retribution. It was the defendant who argued that the District Court had applied its sentence to promote respect for the law. The District Court didn't cite the factors from 3553A to A. It was the defendant, and so... Wait a minute. The defendant, after the explanation, the defendant said, well, what does your comment mean, right? I think it was the defendant who argued for the first time on appeal that the District Court's, you know, reasoning indicated the District Court was promoting respect for the law, but the District Court didn't say that. The District Court didn't talk about anything that's listed in 3553A to A, and that's very different from what we have in our case. In the terms of 3553A to A, it used general reasoning, including incremental punishment for recidivists, that has been upheld by this Court for years, and is not put in doubt by Esterra. Because the District Court did not expressly rely on retribution in Higgerson, this Court, you know, kind of didn't find it was clear or obvious that the District Court did that, because the District Court didn't say anything about retribution, didn't mention those factors. And so this Court said, you know, at best it was an insignificant justification for the sentence in Higgerson, and that wasn't enough to establish plain error review. But this case we have over the span of two pages of the transcript, the District Court discussing the prohibited factors. This case is also different from Joku and Wooten, two recent cases applying Esterra's from this Court. In Joku, the District Court made mere passing reference to retribution. In Wooten, the District Court made only a single reference to promote respect for the  This case is different in that the District Court clearly and obviously relied on retribution. And notably on the third prong of plain error review, the District Court cited expressly the mitigating factors in the case, but explained that the mitigating factors were overwhelmed by the aggravating factors. And this is evidence that if the District Court had not erroneously considered the retribution factors in 3553A2A, the sentencing analysis would have shifted more toward the mitigating factors. Can you show a reasonable likelihood of a different sentence if resentenced? Yes, Your Honor, because the District Court's analysis was skewed by its emphasis on retribution, if this Court remands for resentencing, which this Court should do, the District Court will take that out of the sentencing calculation and then properly weigh the aggravating factors with mitigating factors. Rather than focus on retribution, the District Court will look at the proper factors and weigh the mitigating factors that the District Court already recognized. And so there is evidence that the District Court's analysis on remand will be different, such that Mr. Salim could have a lesser sentence. This case is a lot like the Molina-Martinez case in 2016 from the Supreme Court, as well as the Rosales-Morales case from the Supreme Court in 2018. Each of those cases dealt with plain error review. Molina-Martinez was prong three, Rosales-Morales was prong four. And in those cases, there was a guidelines calculation that was wrong, that was issued by the District Court. Nobody caught it, so it was on plain error review. But the Supreme Court in both of those cases said, given the fundamental of the guidelines in the sentencing calculus, given the District Court's role in committing this error, that courts of appeals should be more willing to grant resentencing, use their discretion under plain error review. Because everything that follows from a bad guidelines range renders the outcome improper. That's the same thing that we have at issue here. Just like the guidelines, the sentencing factors at 5383E guide the District Court's discretion. They are the central focus for the sentencing. And if something goes wrong with those factors, if the District Court gets the factors wrong, that renders everything that happens during that revocation proceeding improper. And so the courts of appeal should be more willing to grant resentencing on remand. And with that, Your Honor, I would like to reserve the rest of my time. Thank you. Mr. Nelson? Thank you, Your Honor, and may it please the Court. I want to start with jumping off something Judge Strauss said, which is that precision is important here. We need to know when we're talking about the District Court considering the seriousness of the offense, what offense are we talking about? The defendant's argument is that the District Court committed plain error by relying on A2A factor. But as interpreted in Asteris, that A2A factor refers to the need for retribution for the underlying crime for which the defendant is on supervised release. In this case, that's the defendant's 2007 felony possession of a firearm, as opposed to the 2022 violation. And on plain error review, as Judge Loken noted, it must be clear and obvious that the District Court based its sentence on the need for retribution as to that underlying crime. And the defendant simply has not made that showing here. The District Court correctly cited 3583E as the relevant statute, shows awareness of what it could consider and what it could not. It didn't mention anything about the facts of the 2007 crime. It didn't mention anything about the punishment he had received, or the need for punishment on that 2007 crime. It didn't mention that the 2007 punishment had been lenient. As in Asteris, the District Court mentioned that the defendant's prior punishment had been rather lenient, referencing that prior sentence. And there's really nothing in the record at all to indicate that the District Court had the 2007 offense in mind. What about the perception of it contemplating his recidivism? Well, I think there's the... I want to address Your Honor's question. The quote that the defendant just referenced, I want to provide increased punishment for repeating a very, very serious federal crime. And I think Judge Smith, you addressed it correctly here. The concern was with the repetition of the crime, i.e. the violation, not the underlying 2007 crime itself. And in any case, the District Court is allowed to consider the nature and circumstances of that underlying crime, as well as the need for deterrence, incapacitation, considerations like that for protecting the public. Really everything the District Court said was about concern for, quote, the violation. About how the violation was so flagrant and so quick when he got out. And it tied all of its considerations to the violation of supervised release. So with nothing in the record indicating that the District Judge relied on the 2007 offense and relied on that prohibited sentencing consideration of A2A, the defendant simply could not show it was clear or obvious that the District Court committed error here. The second question then is, to what extent can the District Court consider the seriousness of the violation? And here, to the extent the defendant is arguing that the District Court improperly considered the seriousness of the violation, that argument also fails. One, I simply don't think it's error of any kind, plain or otherwise. This Court, as recently as yesterday in the Wooten decision, reaffirmed that a revocation sentence may appropriately sanction the defendant's breach of trust arising from the failure to follow court-ordered conditions. And as anyone who has ever experienced a breach of trust understands, it matters greatly whether that breach of trust or that trust is broken in a small way or in a big way. And the District Court can appropriately treat different the defendant here, whose violation included shooting three people and killing one, as compared to someone who, for example, missed a drug test, failed to complete treatment, or engaged in a minor crime like shoplifting. And that's what the District Court was really doing here. The District Court wanted to provide some moderate incremental sanction, in this case about 20%, 40 months, for the defendant's flagrant and violent violation here. And it tied that, it was concerned especially about the resources the Court had expended in trying to help him, probation's efforts in trying to help him. And that sounds in this idea of the breach of trust. I agree, a District Court should not wholesale be talking about retribution and punishment as to the violation. Those are about the defendant's relationship with the community. The District Court should be considering the defendant's relationship with the court in the context of a supervised release violation. And that's what the District Court did here. It imposed 195 months for the defendant's violation of law and how the danger he posed to the community. And it wanted to save a little bit more to communicate that it was also important that the defendant follow the court's rules. That he adhere to the covenant he had made with the court. He follow the conditions of the court. And that is exactly what the guidelines say the District Court should do. Why wouldn't he, you know, I mean this is, when the District Court does start talking about retribution in these types of cases, and I know this was before Estreras, but particularly post-Estreras, it's dangerous. I mean it's pretty easy to couch it exactly as you're saying. To start out and say, this, you know, is a huge breach of trust. You committed this very, instead of saying, well we got to protect the community, we got to respect the law, and making it look like a 3553. Why shouldn't we, and maybe this isn't the case for it, but why shouldn't we require a little more? You know, be a little careful in the way you talk about retribution. I think it's, you know, the language that the District Court uses in the moment in imposing a sentence. I'll admit, it's sometimes easy to take sanction a breach of trust and instead talk about punish a violation. Right. I agree there's a difference between those two concepts, but, you know, whatever it is, I think it's a little bit too much to expect the District Court's language to be perfectly precise at all times. I think the District Court's would... And that's the point of, that's why plain error review is so narrow. That's correct, Your Honor. I mean that's why we're looking here at, is it clear, is it obvious that what the District Court was really talking about is punishing this offense, which would essentially be double counting here. The Court's already punished him 195 months for his conduct with respect to the community and the law. I think here you see the District Court did take great pains to separate out this idea of like, I want to reserve a little bit extra, 40 months, for the breach of trust. And I do think it is important to, when you look at the transcript, on, for example, page... Let's see, on 32 of the transcript, when the District Court is talking about the violation, the Court speaks rather extensively about how probation had tried to help him when he got out, had tried to keep him from violating. Had taken his first violation to Judge Montgomery and didn't attempt to revoke him. And so how probation was working with him to keep on the straight and narrow. Those are concepts that sound in, again, the breach of trust. So I think when you look to the underlying facts here, that is what the District Court was driving at. And I just, you know, to sort of end up in a place here, I think it's pretty close to saying, you could read this record to say there is error depending on how you read it. But I think that Judge Loken is probably right. The plainness of the error is the hardest thing to overcome here because the record here, the transcript is pretty ambiguous. I agree with that, Your Honor. And I would add on top of that, that even assuming a clear or obvious error, we still have the problem of did it affect his substantial rights. And I think the District Court was very clear that its overall intention between these two sentences was that he served 235 months. It's just a question of how the District Court decided to apportion that. And as Judge Loken noted, in the Higgerson case, for example, this Court looks to are the things that the District Court talked about, do they go to other permissible factors? And here they clearly did. The Court talked about the flagrance and violent nature of the violation, which goes to deterrence and the need for incapacitation. It talked about the nature and circumstances of the violation, the repeating of a very serious crime, and again, going to the need to protect the public. And then the last thing I will note with my 30 seconds is that when you look, the real complaint here is that the District Court ordered the revocation sentence to be consecutive. But if you look at the statute governing consecutive versus concurrent sentences, 3584, that statute directs District Courts to consider all the 3553A factors without limitation. And so I think under that statute, the District Court was entitled to consider holistically the entire case and decide that the consecutive sentence rather than the concurrent sentence was appropriate here. Unless the Court has any other questions, that is all I have. Thank you. Thank you, Counselor. Thank you. We don't need to guess what the District Court thought. The record is not ambiguous. The District Court cited that underlying 2007 offense, said directly that it needed to provide increased punishment as a result. And so it's clear and obvious that the District Court was talking about retribution in the context of this revocation proceeding. And while Your Honor is right, Judge Strauss, that the Commission said that District Courts can consider the nature of the violation to determine the breach of the trust, that consideration is supposed to be a limited consideration. It does not outweigh the District Court's repeated reliance on retribution in this case. Thank you.